*E-Filed 05/10/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WESTAR MARINE SERVICES, INC.,   No. C 09-05489 RS

        Plaintiff,   **ORDER GRANTING MOTION TO DISMISS**

  v.

DAVID BAYLY,

        Defendant.
_____/

    Plaintiff Westar Marine Services, Inc. ("Westar") filed this declaratory relief action on November 19, 2009, seeking a judgment that defendant David Bayly is not entitled to maintenance and cure benefits. Bayly now moves to dismiss the federal action. The motion was heard in this Court on May 6, 2010. For the reasons set forth below, the motion to dismiss is granted.

    According to the allegations of the complaint, Bayly was working as a deck engineer for Westar, a tugboat operator, when he was injured by falling off a ladder onboard the tugboat Terilyn in the San Francisco Bay. It is undisputed that Bayly's employment qualifies him as a seaman pursuant to the Jones Act, 46 U.S.C. § 2101 *et seq.*, and that he gave notice of his injury and began receiving maintenance and cure benefits from Westar in accordance with general maritime law. Westar filed this suit in federal court, and Bayly filed suit in San Francisco Superior Court one day

later.[1] Bayly contends that the instant action should be dismissed in deference to his action in state court and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

The granting of declaratory relief in federal court is discretionary. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998). In deciding whether to exercise this discretion, district courts consider the following factors: (1) federal courts should avoid needlessly deciding issues of state law; (2) litigants should be discouraged from filing declaratory relief actions as a means of forum shopping; and (3) duplicative litigation should be avoided. *Id.* at 1225 (citing the seminal case *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). Generally, "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Id.* There is, however, no *per se* rule against the district court exercising its jurisdiction to resolve [a] . . . dispute when the underlying liability suit is pending in state court." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994).

The first *Brillhart* factor—avoiding needless adjudication of state law issues—is relatively neutral on these particular facts. All claims in both this case and the state law case arise under federal maritime law; and the Jones Act gives Bayly, as a seaman-plaintiff, the right to choose his forum. *Skaw v. Lady Pacific, Inc.*, 577 F. Supp. 2, 4 (D.C. Alaska 1983) (explaining that "Congress

---

[1] Westar asks the Court to take judicial notice of Bayly's state court complaint and first amended complaint, and Bayly has not opposed this request. As the veracity of these documents is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," they are a proper subject of judicial notice and may be considered at the pleading stage. Fed. R. Evid. 201(b); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining that Rule 201 allows courts to "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[2] Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008).

intended to give seamen the choice of forum in Jones Act actions"). Thus, there is little likelihood that either this Court or the state court will "needlessly" decide anything.

Likewise, with respect to the second factor, neither party can truly be accused of forum shopping. The two complaints, filed one day apart in two different courts, were in essence simultaneous. Westar strenuously argues that the fact its federal action was filed one day earlier proves that Bayly was forum shopping; but this is ultimately unsupported by any case law and is unconvincing by virtue of its technicality.

As to the third *Brillhart* factor, Bayly's first amended complaint in state court indeed poses many similar issues, and duplicative litigation is certainly a risk. The parties agree that the two lawsuits are based on the same facts surrounding the injuries Bayly allegedly sustained in the course of his work for Westar. The lawsuits will both involve a determination whether these facts give rise to a duty on the part of Westar to pay maintenance and cure for the injuries Bayly sustained. Any findings made by this Court in a declaratory judgment action would have an impact on the issues presented in the California state court action. Thus, this factor weighs strongly in favor of deferral to the state court.

Westar argues, however, that this case is analogous to *First Shipmor Associates v. Musa*, in which the district court denied a motion to dismiss in circumstances where, like here, competing federal and state cases had been filed by the two parties. No. 92-4675 FMS, 1993 WL 181382 (N.D. Cal. May 26, 1993). *Musa*, however, is distinguishable from the instant case for a number of reasons: the federal action was "confined to a single issue which [could] quickly be resolved through ADR"; the defendant had "already paid the entire disputed amount into the Court's registry"; and the defendant had filed the federal action a full five months before the plaintiff filed the state court action. *Id.* at *2. The *Musa* Court acknowledged that in most cases, the *Brillhart* factors suggest deferring to state court, but that "this case presents a somewhat unusual situation." That unusual situation is not present here. As explained above, the *Brillhart* factors tilt in favor of deferring to the jurisdiction of the San Francisco Superior Court.

NO. C 09-05489 RS
ORDER

3

Furthermore, the *Musa* Court emphasized that First Shipmor had conceded that Musa injured his shoulder in service on the vessel, thus eliminating a principal factual dispute.  In this case, by contrast, Westar's counsel indicated at oral argument that all factual issues, including the nature and causation of Bayly's injuries, are in dispute.  Therefore, unlike in *Musa*, any factual determinations made here will have a broad preclusive effect in state court.  This is a situation which must be avoided.  *Belle Pass Towing Corp. v. Cheramie*, 763 F. Supp. 1348, 1354-55 (E.D. La. 1991) (explaining that the "possible preclusive effects [that] maintaining such an action [in federal court] would have on a suitor's Jones Act case in another court" mandate dismissal).

For these reasons, Bayly's motion to dismiss is granted.

IT IS SO ORDERED.

Dated: 05/10/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 09-05489 RS
ORDER

4